**AXELROD, Plaintiff-Appellant, v. EYRING, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21513.  Decided December 5, 1949.

Morton M. Stotter, Cleveland, for plaintiff-appellant.
A. L. Kerns, Cleveland, for defendant-appellee.

(GUERNSEY, PJ, MIDDLETON, J, of Third District: DOYLE, J, of Ninth District sitting by designation in Eighth District.)

### OPINION

Per CURIAM:
In consideration of the evidence, pleadings and papers in this case, on appeal from the Municipal Court of the City of Cleveland, the members of this court are of the unanimous opinion that there is no error shown, prejudicial to the rights of the appellant.
The judgment must therefore be and is affirmed.  Exc.

GUERNSEY, PJ, MIDDLETON, J, DOYLE, J, concur.

### ON APPLICATION FOR REHEARING

No. 21513.  Decided December 14, 1949.

By THE COURT:
Application for rehearing denied.
In his petition plaintiff predicated his cause of action on a contract in writing entered into between plaintiff and de-

fendant, but as shown by exhibit attached to the petition, there was no contract in writing between plaintiff and defendant, but merely an agreement in writing by defendant to pay certain amounts for advertising. This agreement of the defendant was on a printed form at the top of which appeared the title "Sportsmen's Show" and there is no reference whatever in or on the printed form or in the printed agreement, to the plaintiff.

Plaintiff alleged in his petition, and plaintiff's counsel in his trial statement asserted plaintiff furnished defendant advertising pursuant to this agreement, but there is no allegation in the petition or assertion in plaintiff's trial statement indicating that plaintiff and defendant entered into the written agreement upon which the suit is predicated.

If plaintiff had any contract with defendant it was by way of an oral agreement on the part of plaintiff to furnish advertising to defendant and defendant's written acceptance of that proposal, but neither the petition of plaintiff nor plaintiff's trial statement shows the existence of such an agreement.

The above recitals are the minutes of this court and a journal entry in conformity therewith must be furnished by counsel for the successful party, in accordance with the rules of this court.

GUERNSEY, PJ, MIDDLETON, J, DOYLE, J, concur.